Michael G. Marderosian (Bar No. 077296)
Email: mick@mcc-legal.com
Heather S. Cohen (Bar No. 263093)
Email: heather@mcc-legal.com
MARDEROSIAN & COHEN
1200 Truxtun Avenue, Suite 130
Bakersfield, CA 93301
Telephone: (559) 441-7991
Facsimile: (559) 441-8170

Attorneys for:   Plaintiffs TWELVE SIXTY LLC, ROBERT J. MARDEROSIAN and ARON M. MARDEROSIAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWELVE SIXTY LLC,<br>ROBERT J. MARDEROSIAN,<br>ARON M. MARDEROSIAN,<br><br>          Plaintiffs,<br><br>     v.<br><br>FOX SPORTS NETWORKS, SEVEN NETWORK, AUSTRALIAN FOOTBALL LEAGUE, and DOES 1 - 10, inclusive,<br><br>          Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>*DEMAND FOR JURY TRIAL* |

Plaintiffs TWELVE SIXTY LLC, ROBERT J. MARDEROSIAN and ARON M. MARDEROSIAN (collectively "Plaintiffs") allege as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action seeking to put an immediate stop to, and to obtain redress for, Defendants' blatant and purposeful infringement of Plaintiff's copyright of the musical master recording entitled "House of the Rising Sun." ("Master Recording").

2. By way of brief background, Plaintiffs ROBERT J. MARDEROSIAN and ARON M. MARDEROSIAN are two brothers who have worked together for almost 30

years to develop their business, Plaintiff TWELVE SIXTY LLC, which provides custom recordings and productions of original musical compositions for use in television, motion pictures, film trailers, film soundtracks, product commercials and video games. Plaintiffs ROBERT J. MARDEROSIAN and ARON M. MARDEROSIAN are musical artists and performers, professionally known as "Heavy Young Heathens." As the Heavy Young Heathens, the Plaintiffs have written and recorded music for many premiere entertainment clients including major movie studios, networks and advertisers around the world.

3. Among many other commercial uses of Plaintiffs' musical recordings, Plaintiffs have had their work featured in television and theatrical motion pictures as *The Simpsons, CSI, Lucifer, Big Sky, The Righteous Gemstones, Shameless*, *Rules Don't Apply*, *Masterminds, Halloween* and *Supermensch*, as well as prominent trailers for the motion pictures *The Magnificent Seven*, *Deadpool*, *The Amazing Spider-Man* 2, and *The Expendables*.

4. Plaintiffs' music has additionally been used in numerous commercials for Starbucks, Chrysler, Dodge, Ford, Bacardi, Adidas and Red Bull.

5. Plaintiffs arranged and produced the Master Recording of the musical composition "House of the Rising Sun", which is a traditional song. The arrangement and production is the subject of a copyright registration by Plaintiff ARON M. MARDEROSIAN and Plaintiff ROBERT J. MARDEROSIAN. See Exhibit A attached hereto.

6. Recognizing Plaintiffs' popularity, talent and goodwill, and in a brazen and improper effort to capitalize on Plaintiffs' hard work and copyright ownership of their master recording of "House of the Rising Sun", Defendants have, without any authorization, consent or license from Plaintiffs, created, synchronized, pre-produced, used, and broadcast, Plaintiffs' Master Recording to publicized and promote AFL Premiership Football (Australian Football League) here in the USA, in broadcasts which prominently features significant portions of Plaintiffs' Master Recording in a pre-produced segment. This was

done without any authorization of any kind including but not limited to, any broadcast, synchronization or performance license from Plaintiffs.

7.     Defendants' conduct is causing, and unless immediately enjoined will continue to cause, enormous and irreparable harm to Plaintiffs.  Defendants may not continue to exploit Plaintiffs' musical composition in order to advertise and/or promote their products to the public without Plaintiff's authorization.  Defendants' conduct must immediately be stopped and/or enjoined and Plaintiffs must be compensated for each of Defendants' willful acts of infringement.

**JURISDICTION AND VENUE**

8.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*.

9.     This Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1338 and 1367.

10.    This Court has personal jurisdiction over Fox Sports Networks (hereinafter "Fox Sports")  because, among other things, Fox Sports is  doing business in the State of California and in this judicial district, and the acts of infringement complained of herein (broadcasts) occurred in the State of California and in this judicial district, and Fox Sports has caused and continue to cause injury to Plaintiffs and their intellectual property within the State of California and in this judicial district.

11.    This Court has personal jurisdiction over Seven Network (hereinafter "Seven"). Fed. R. Civ. P. 4(k)(1)(A) authorizes the district court to exercise personal jurisdiction to the extent authorized by the law of the state in which they sit.  California's long-arm statute, Cal. Civ. Proc. § 410.10, authorizes personal jurisdiction coextensive with the Due Process Clause of the U.S. Constitution. Alternatively, Fed. R. Civ. P. 4(k)(2) provides that, for a claim that arises under federal law, a district court may exercise personal jurisdiction over a defendant if the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the U.S. Constitution and laws.

Seven is subject to personal jurisdiction in California and in this judicial district based upon the following facts, among others:

    a.    Seven has purposefully availed itself of the privilege of conducting activities in California by entering into a partnership and licensing agreement with Fox Sports, knowing that California is at least a major hub of Fox Sports' business, and that Fox Sports would engage in activities pursuant to said partnership and licensing agreement in California, which activities infringed the exclusive rights of Plaintiffs;

    b.    Seven has purposefully directed its activities toward California by entering into said partnership and agreement and by committing the tort of copyright infringement in California. Among other things:

        i.    Seven committed an intentional act by entering into the partnership and license agreement by which it licensed Plaintiffs' "House of the Rising Sun" to Fox Sports, knowing that such conduct would result in activities in California, which infringed on Plaintiffs' exclusive rights. At a minimum, Seven contributed to or inducted Fox Sports' infringement within the state of California. Even if Seven's intentional act took place outside of California, it caused harm in California. Further, at a minimum, Seven's intentional act was an external manifestation of Seven's intent to perform an actual, physical act in the real world, irrespective of the actual or intended results;

        ii.    Seven's act was intentionally aimed at California. As a participant in the industry of using and licensing musical content and partnering with Fox Sports, Seven knew or reasonably should have known that Fox Sports would broadcast content that contained music that should have been properly licensed. Further, Seven knew or should have reasonably known, that Fox Sports would run the content in California and throughout the United States;

        iii.    Seven knew or reasonably should have known that the music it unlawfully used was the subject of a lawful copyright and that the copyright holder Plaintiffs were based in California. Further, it was foreseeable to Seven that harm from

copyright infringement would be suffered in a jurisdiction such as California where at least some of the infringement occurred, whether or not the "brunt" of such harm occurred in California.

      c.     The acts of Seven constituting purposeful available and/or purposeful direction are those that give rise to the current suit, in that they are a "but for" cause of the resulting copyright infringement. Plaintiffs are informed and believe, and on that basis aver, that but for Seven's purporting to have a valid license for the use of "House of the Rising Sun", rights that it did not possess, Fox Sports could not have used it in its broadcast absent a lawful license that was sought and obtained from Plaintiffs.

      d.     Seven cannot meet its burden to show that personal jurisdiction in California is unreasonable.  Seven's conduct and connection with California are such that Seven should reasonably have anticipated being haled into Court in California. Among other things:

      i.     Seven has purposefully interjected itself into California, including as set forth above;

      ii.     Seven's burden in defending itself in California is minimal, particularly in light of modern advances in communications and transportation and because, on information and belief, Seven's principals speak English;

      iii.     Adjudication of Plaintiffs' claims, which arise under U.S. Law is based on conduct occurring in the United States, would not conflict with the sovereignty of Australia, which has no interest in permitting its citizens or residents to commit copyright infringement in the United States;

      iv.     California has a strong interest in providing effective judicial redress for its citizens and residents, especially those who are victims of tortious conduct;

      v.     The most efficient judicial resolution of this controversy would occur in this judicial district, where Plaintiffs' witnesses and documents are located, and whether U.S. Copyright Law will govern resolution of the dispute;

    vi. Having this dispute resolved in a court within this judicial district familiar with U.S. Copyright law is important to Plaintiffs' interest in convenient and effective relief;

    vii. Seven has not and cannot demonstrate that effective relief - remedies for infringement of exclusive U.S. Copyright Rights held by Plaintiffs who are U.S. citizens and where the infringement occurred within the United Sates - would be available other than in a U.S. Court; and Seven has not identified and cannot identify any alternative forum that would be appropriate or superior to resolve this dispute, particularly in that even if a foreign court were available to hear this matter, it would be forced to interpret U.S. law.

  12. Alternatively, if Seven is not subject to personal jurisdiction under California law, it is subject to personal jurisdiction in this Court pursuant to Fed. R. Civ. P. 4(k)(2) based upon the above-stated facts which are incorporated herein by this reference, and the following facts, among others:

    a. Plaintiffs' copyright claim arises under federal law, 17 U.S.C § 101 *et. seq.*;

    b. Seven has purposefully availed itself of the privilege of conducting business in the United States and/or purposefully directed its activities toward the United States, as is set forth above. Through its partnership and licensing with Fox Sports, by which Seven purported to authorize and/or license the use of Plaintiffs' music, thereby committing copyright infringement in the United States and under United States law. Copyright infringement is a strict liability offense. By its aforementioned activities, Seven created a potential cause of action in a person within the United States- namely Plaintiffs, the owner of the copyright that Seven unlawfully used and purported to license- that is cognizable in United States' courts. Having purported to authorize and/or license the Plaintiffs' song for use within the territory of the United States, Seven should have reasonably anticipated being haled into Court where, as here, it did not possess the authority to license such rights;

   c. The exercise of personal jurisdiction in the United States is reasonable, as set forth above.  Plaintiffs and the United States judicial system have strong interests in the exercise of jurisdiction to resolve a dispute based upon infringement that occurred in the United States, in derogation of the exclusive rights of U.S. citizens and that centers on questions of federal law;

   d. Seven has not and cannot identify any state other than California in which personal jurisdiction could be established.  To the contrary, it is Plaintiffs' expectation that Seven will content that it is not subject to personal jurisdiction anywhere in the United States.

  13. This Court has personal jurisdiction over Australian Football League (hereinafter "AFL").  Fed. R. Civ. P. 4(k)(1)(A) authorizes the district court to exercise personal jurisdiction to the extent authorized by the law of the state in which they sit.  California's long-arm statute, Cal. Code Civ. Proc. § 410.10, authorizes personal jurisdiction coextensive with the Due Process Clause of the U.S. Constitution.  Alternatively, Fed. R. Civ. P. 4(k)(2) provides that, for a claim that arises under federal law, a district court may exercise personal jurisdiction over a defendant if the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the U.S. Constitution and laws.  AFL is subject to personal jurisdiction in California and in this judicial district based upon the following facts, among others:

   a. AFL has purposefully availed itself of the privilege of conducting activities in California by entering into a partnership and licensing agreement with Fox Sports, knowing that California is at least a major hub of Fox Sports' business, and that Fox Sports would engage in activities pursuant to said partnership and licensing agreement in California, which activities infringed the exclusive rights of Plaintiffs;

   b. AFL has purposefully directed its activities toward California by entering into said partnership and agreement and by committing the tort of copyright infringement in California.  Among other things:

        i. AFL committed an intentional act by entering into the partnership and license agreement by which it licensed Plaintiffs' "House of the Rising Sun" to Fox Sports, knowing that such conduct would result in activities in California, which infringed on Plaintiffs' exclusive rights. At a minimum, AFL contributed to or inducted Fox Sports' infringement within the state of California. Even if AFL's intentional act took place outside of California, it caused harm in California. Further, at a minimum, AFL's intentional act was an external manifestation of AFL's intent to perform an actual, physical act in the real world, irrespective of the actual or intended results;

        ii. AFL's act was intentionally aimed at California. As a participant in the industry of using and licensing musical content and partnering with Fox Sports, AFL knew or reasonably should have known that Fox Sports would broadcast content that contained music that should have been properly licensed. Further, AFL knew or should have reasonably known, that Fox Sports would run the content in California and throughout the United States;

        iii. AFL knew or reasonably should have known that the music it unlawfully used was the subject of a lawful copyright and that the copyright holder Plaintiffs were based in California. Further, it was foreseeable to AFL that harm from copyright infringement would be suffered in a jurisdiction such as California where at least some of the infringement occurred, whether or not the "brunt" of such harm occurred in California.

    c. The acts of AFL constituting purposeful available and/or purposeful direction are those that give rise to the current suit, in that they are a "but for" cause of the resulting copyright infringement. Plaintiffs are informed and believe, and on that basis aver, that but for AFL's purporting to have a valid license for the use of "House of the Rising Sun", rights that it did not possess, Fox Sports could not have used it in its broadcast absent a lawful license that was sought and obtained from Plaintiffs.

    d. AFL cannot meet its burden to show that personal jurisdiction in California is unreasonable. AFL's conduct and connection with California are such that

AFL should reasonably have anticipated being haled into Court in California. Among other things:

   i. AFL has purposefully interjected itself into California, including as set forth above;

   ii. AFL's burden in defending itself in California is minimal, particularly in light of modern advances in communications and transportation and because, on information and belief, AFL's principals speak English;

   iii. Adjudication of Plaintiffs' claims, which arise under U.S. Law is based on conduct occurring in the United States, would not conflict with the sovereignty of Australia, which has no interest in permitting its citizens or residents to commit copyright infringement in the United States;

   iv. California has a strong interest in providing effective judicial redress for its citizens and residents, especially those who are victims of tortious conduct;

   v. The most efficient judicial resolution of this controversy would occur in this judicial district, where Plaintiffs' witnesses and documents are located, and whether U.S. Copyright Law will govern resolution of the dispute;

   vi. Having this dispute resolved in a court within this judicial district familiar with U.S. Copyright law is important to Plaintiffs' interest in convenient and effective relief;

   vii. AFL has not and cannot demonstrate that effective relief - remedies for infringement of exclusive U.S. Copyright Rights held by Plaintiffs who are U.S. citizens and where the infringement occurred within the United Sates - would be available other than in a U.S. Court; and AFL has not identified and cannot identify any alternative forum that would be appropriate or superior to resolve this dispute, particularly in that even if a foreign court were available to hear this matter, it would be forced to interpret U.S. law.

 14. Alternatively, if AFL is not subject to personal jurisdiction under California law, it is subject to personal jurisdiction in this Court pursuant to Fed. R. Civ. P. 4(k)(2)

based upon the above-stated facts which are incorporated herein by this reference, and the following facts, among others:

      a.    Plaintiffs' copyright claim arises under federal law, 17 U.S.C § 101 *et. seq.*;

      b.    AFL has purposefully availed itself of the privilege of conducting business in the United States and/or purposefully directed its activities toward the United States, as is set forth above. Through its partnership and licensing with Fox Sports, by which AFL purported to authorize and/or license the use of Plaintiffs' music, thereby committing copyright infringement in the United States and under United States law. Copyright infringement is a strict liability offense. By its aforementioned activities, AFL created a potential cause of action in a person within the United States - namely Plaintiffs, the owner of the copyright that AFL unlawfully used and purported to license - that is cognizable in United States' courts. Having purported to authorize and/or license the Plaintiffs' song for use within the territory of the United States, AFL should have reasonably anticipated being haled into Court where, as here, it did not possess the authority to license such rights;

      c.    The exercise of personal jurisdiction in the United States is reasonable, as set forth above. Plaintiffs and the United States judicial system have strong interests in the exercise of jurisdiction to resolve a dispute based upon infringement that occurred in the United States, in derogation of the exclusive rights of U.S. citizens and that centers on questions of federal law;

      d.    AFL has not and cannot identify any state other than California in which personal jurisdiction could be established. To the contrary, it is Plaintiffs' expectation that AFL will content that it is not subject to personal jurisdiction anywhere in the United States.

15.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or § 1400(a).

///

///

## THE PARTIES

16. Plaintiff TWELVE SIXTY LLC ("hereinafter referred to as "TWELVE SIXTY") is, and at all times relevant hereto was, a California Limited Liability company doing business in the County of Los Angeles County, State of California.

16. Plaintiff ARON M. MARDEROSIAN is an individual who resides and works in the County of Los Angeles in the State of California.

17. Plaintiff ROBERT J. MARDEROSIAN is an individual who resides and works in the County of Los Angeles in the State of California.

18. Defendant FOX SPORTS NETWORKS is a global mass sports media company doing business in the state of California and specifically in Los Angeles County under the title Fox Sports 2. The Plaintiffs' Master Recording which is the subject of this litigation has been and continues to be illegally used in broadcasts here in the USA on the FOX SPORTS NETWORKS and specifically through Fox Sports 2, to promote and publicize AFL Premiership Football, beginning on September 4, 2021 and continuing, without Plaintiffs' consent, license or authorization, and without reasonable compensation to Plaintiffs.

19. Defendant SEVEN NETWORK is an Australian television network and major purchaser and licensor of Australian sports broadcasting rights and who illegally synchronized Plaintiffs' Master Recording in a pre-produced segment without Plaintiffs' consent, license or authorization, and used it to promote AFL Premiership Football games beginning on September 4, 2021 in Australian broadcasts, and licensed it to be broadcast in the USA through their affiliate, Defendant FOX SPORTS NETWORKS, all without Plaintiffs' consent, license, or authorization and without reasonable compensation to Plaintiffs.

20. Defendant AUSTRALIAN FOOTBALL LEAGUE ("AFL") is a professional football league that engages in soccer competition within the Australian rules of football and participates in a partnership and/or joint venture with Defendants FOX SPORTS NETWORKS and SEVEN NETWORK and Does 1-10 for the purposes of broadcasting

Australian soccer matches in the United States, thereby acting in concert with the other Defendants to illegally synchronize Plaintiffs' Master Recording without Plaintiffs' consent, license or authorization, and used it to promote AFL Premiership Football games beginning on September 4, 2021 in Australian broadcasts, and licensed it to be broadcast in the USA, all without Plaintiffs' consent, license, or authorization and without reasonable compensation to Plaintiffs.

21. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as Does 1-10, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names ("Doe Defendant"). Plaintiffs will seek leave of Court to amend this Complaint to state their true names and capacities when they have been ascertained. Plaintiffs are informed and believe and, on that basis, allege that the Doe Defendants are liable to Plaintiffs as a result of their participation in all or some of the acts hereinafter set forth.

22. On information and belief, the Defendants and each of them, were the agents, employees, partners, affiliates and/or engaged in a joint venture with each of the remaining Defendants, and were at all times acting within the purpose of said agency, partnership, affiliation in making the illegal broadcasts which each defendant has ratified.

## GENERAL ALLEGATIONS

23. Plaintiffs are the creators and owners of the Master Recording "House of the Rising Sun" and Plaintiffs own the sole and exclusive rights and title to the copyright in the Master Recording.

24. Plaintiffs filed an application for copyright registration with the United States Copyright Office for the musical composition "House of the Rising Sun" and the song was registered on May 31, 2016, under SR 785-194. A true and correct copy of the registration is attached hereto as Exhibit A.

25. At all times herein, Defendants illegally synchronized, used, produced, licensed and broadcast Plaintiffs Master Recording in violation of the U.S. Copyright Act.

26. In September of 2021, it came to Plaintiffs' attention through electronic detections, that the Defendants with knowledge and intent, willfully, and/or in reckless disregard of Plaintiffs rights and copyright ownership, infringed upon Plaintiffs copyright of the Master Recording by synchronizing portions of it to be used in a pre-produced segment that were broadcast and licensed for broadcast, in the USA, to promote AFL Premiership Football, without Plaintiffs' consent, authorization or license.

27. Defendants did not have any license, authorization, permission or consent to use the Master Recording and have not paid any compensation to Plaintiffs for its use.

28. From September 15-17, 2021, Plaintiffs' provided written notice to counsel for Defendant FOX SPORTS NETWORKS that the use of the Infringed Composition by Defendants constituted infringement of Plaintiffs' rights and demanded that Defendants immediately cease and desist from any further use of the Infringed Composition. Plaintiffs are entitled to injunctive relief and redress for Defendants' willful, intentional and purposeful use and exploitation of the Infringed Composition which was done for Defendants' own financial benefit with full knowledge that such use constituted infringement of, and was in disregard of, Plaintiffs' rights.

## COUNT 1
## COPYRIGHT INFRINGEMENT
## (17 U.S.C.)

29. Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 28, inclusive as though fully set forth herein.

30. Defendants conspired with one another and/or with their agents, subsidiaries, partners and affiliates to wrongfully exploit Plaintiffs' Master Recording, "House of the Rising Sun" without having to fairly or properly compensate Plaintiffs for the exploitation.

31. Defendants authorized, understood, and enabled, one another to exploit Plaintiffs' Master Recording without paying Plaintiffs any money for this exploitation and infringed on Plaintiffs' copyright in a willful manner or in reckless disregard of Plaintiffs' copyright ownership.

32. On information and belief, Defendants have benefitted from the illegal broadcasting and exploitation of Plaintiffs' Master Recording.

33. Defendants have not paid Plaintiffs any money whatsoever for the illegal broadcasts of their Master Recording and Plaintiffs have been significantly damaged as a result of this scheme between Defendants and their co-conspirators to use and infringe upon Plaintiffs' copyright without Plaintiffs' consent, license or authorization.

34. Through their conduct alleged herein, Defendants have infringed Plaintiffs' copyright in the Infringed Composition, Master Recording, in violation of the Copyright Act, 17 U.S.C. including but not limited to sections §§ 102, 106, 201-205, 501 and 504.

35. As a direct and proximate result of said infringement by Defendants and each of them, Plaintiffs are entitled to damages in an amount to be proven at trial.

36. As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiffs are informed and believe, that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the Infringed Composition, Master Recording. Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' from willfully continuing with the infringement conduct alleged herein.

37. Plaintiffs are also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

38. Alternatively, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c) for each acts of copyright infringement.

39. Plaintiffs are further entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505 and otherwise accordingly to law.

40. The conduct of Defendants as described herein is willful, wanton, malicious, fraudulent, in reckless disregard, and oppressive such that TWELVE SIXTY is entitled to punitive damages.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, as follows:

1. For damages in such amount as may be found, or as otherwise permitted by law;

2. For an accounting of, and the imposition of constructive trust with respect to, Defendants' profits attributable to their infringements of Plaintiffs' copyright of the Infringed Composition;

3. For a preliminary and permanent injunction prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiffs' copyright in the Infringed Composition;

4. For actual copyright infringement damages and Defendants' profits or statutory damages in an amount to be determined at trial;

5. For interest on the above-requested damages and profits at the maximum legal rate as provided by law;

6. For prejudgment interest according to law;

7. For Plaintiffs' attorneys' fees, costs, and disbursements in this action;

8. For punitive damages; and

9. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

Dated: September 27, 2021         MARDEROSIAN & COHEN

                         */s/ Michael G. Marderosian*
                    By:_____
                         Michael G. Marderosian,
                         Attorneys for Plaintiffs

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Kayn Tayla Clapptt*

Acting United States Register of Copyrights and Director

**Registration Number**

**SR 785-194**

Effective Date of Registration:
May 31, 2010

## Title

Title of Work: House Of The Rising Sun

## Completion/Publication

Year of Completion: 2013
Date of 1st Publication: December 05, 2013
Nation of 1st Publication: United States

## Author

- Author: Robert Jacob Marderosian
  Author Created: sound recording
  Work made for hire: No
  Citizen of: United States
  Domiciled in: United States

- Author: Aron Michael Marderosian
  Author Created: sound recording
  Work made for hire: No
  Citizen of: United States
  Domiciled in: United States

## Copyright Claimant

Copyright Claimant: Robert Jacob Marderosian
P.O. Box 6470, Malibu, CA, 90264, United States

Copyright Claimant: Aron Michael Marderosian
P.O. Box 6470, Malibu, CA, 90264, United States

## Limitation of copyright claim

Material excluded from this claim: sound recording

New material included in claim: sound recording

## Rights and Permissions

Page 1 of 2

Name: Robert Jacob Marderosian
Email: heavyyoungheathens@gmail.com
Telephone: (310)457-0133
Address: P.O. Box 6470
Malibu, CA 90264 United States

## Certification

Name: Robert Jacob Marderosian
Date: May 31, 2016